UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HANSEN REYNOLDS LLC,

              Plaintiff,

v.                                                              Case No. 24-cv-0844-bhl

BRIAN R BLAZER,

              Defendant.

## ORDER

On July 8, 2024, Plaintiff Hansen Reynolds LLC filed a complaint against Defendant Brian Blazer alleging that Blazer breached his Engagement Agreement with Hansen Reynolds by failing to pay attorney's fees owed under the contract. (ECF No. 1.) On September 4, 2024, Blazer filed a motion to seal the complaint and to strike certain of its paragraphs, arguing that Hansen Reynolds was improperly divulging confidential information and protected attorney-client communications. (ECF No. 11.) That same day, Blazer also answered the complaint and asserted counterclaims for (1) negligence; (2) wantonness, willful, or reckless conduct; (3) breach of contract; and (4) breach of fiduciary duty. (ECF No. 10.) On September 19, 2024, the parties filed a joint motion to seal the complaint and to extend Hansen Reynold's deadlines to respond to Blazer's counterclaims and motion to strike by thirty days. (ECF No. 13.)

The Court will deny the request to seal the complaint. Litigation in the federal courts is presumptively public. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). While information protected by the attorney-client privilege may be entitled to secrecy, *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002), that does not justify the wholesale sealing of a complaint. Absent an affidavit or other evidence establishing that specific portions of the complaint contain privileged information, the parties' stipulation is insufficient to overcome the presumption of open access to material filed in federal court. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858–59 (7th Cir. 1994) (holding that a stipulation between the parties is insufficient to warrant issuance of a protective order). The Court is also skeptical that this issue has not been mooted by the passage of time. The complaint has been publicly available on the

docket for more than 75 days and it is unlikely that sealing it at this juncture will prevent any additional harm to Blazer's interests.

The Court will grant the joint requests to extend Plaintiff's deadlines to respond to the counterclaims and motion to strike. Plaintiff must now respond to both on or before **October 25, 2024**.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Seal Filed Documents and for Enlargement of Time for Plaintiff to Respond, ECF No. 13, is **GRANTED in part** and **DENIED in part**. The parties' request to seal the complaint is **DENIED**. Plaintiff's deadlines to respond to the counterclaims and motion to strike are extended through **October 25, 2024**.

Dated at Milwaukee, Wisconsin on September 24, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge