UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HANSEN REYNOLDS LLC,

          Plaintiff,

v.                                            Case No. 24-cv-0844-bhl

BRIAN R BLAZER,

          Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

On July 8, 2024, Plaintiff Hansen Reynolds LLC filed a complaint against Defendant Brian Blazer alleging that Blazer breached his Engagement Agreement with Hansen Reynolds by failing to pay attorney's fees owed under the contract. (ECF No. 1.) On September 4, 2024, Blazer filed a motion to seal the complaint and to strike certain of its paragraphs, arguing that Hansen Reynolds was improperly divulging confidential information and protected attorney-client communications. (ECF No. 11.) That same day, Blazer also answered the complaint and asserted counterclaims for (1) negligence; (2) wantonness, willful, or reckless conduct; (3) breach of contract; and (4) breach of fiduciary duty. (ECF No. 12.) On October 2, 2024, Blazer filed an unopposed motion to redact nine paragraphs of the complaint on grounds that they contain confidential or privileged information. (ECF No. 15.) The Court granted that motion, (ECF No. 16), and Hansen Reynolds subsequently filed a new version of its complaint with paragraphs 30–31, 50–54, and 86–87 redacted. (ECF No. 17.) On October 25, 2024, Hansen Reynolds filed a motion to dismiss Blazer's counterclaims on grounds that the Court lacks subject-matter jurisdiction over the counterclaims. (ECF No. 19.) This Order addresses Blazer's September 4, 2024 motion to strike and Hanson Reynolds' October 25, 2024 motion to dismiss. For the reasons explained below, both motions will be denied.

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Blazer's motion originally sought to strike 21 paragraphs from Hansen Reynolds' complaint, all on grounds that they contain

confidential information and/or protected attorney-client communications. (ECF No. 11 at 1.) Blazer has subsequently reduced his request to cover only nine paragraphs. (ECF No. 22 at 1 n.1.) The parties dispute whether these nine paragraphs contain privileged or confidential information and whether they are relevant or material to Hansen Reynolds' claim for breach of contract. Regardless, as a result of the parties' agreement, the Court has already ordered these same nine paragraphs redacted from the publicly filed complaint, and they may be viewed only by the Court and case participants. (ECF Nos. 16 & 17.) Moreover, motions to strike are generally disfavored because they often serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). And extraneous matter in a complaint should only be stricken where "its presence in the complaint is actually prejudicial to the defense." *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2021). Blazer's only prejudice argument is that material in the challenged paragraphs could harm his interests in other ongoing litigation if discovered by his opponents. (ECF No. 11 at 3.) That issue has been resolved, to the extent possible, by the redaction of the challenged paragraphs. Striking those same paragraphs from the complaint would provide no additional benefit to Blazer, regardless of their relevance or privilege. Accordingly, Blazer's motion to strike is denied.

Hansen Reynolds has moved to dismiss Blazer's counterclaims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF Nos. 19 & 20.) Hansen Reynolds appears to argue that the Court lacks statutory subject-matter jurisdiction over Blazer's counterclaims and that, as a factual matter, Blazer lacks standing to bring his claims. (*See* ECF No. 20 at 9–14.) Neither argument is supported by the record.

Blazer alleges that this Court has diversity jurisdiction over his counterclaims under 28 U.S.C. § 1332(a). (ECF No. 12 at 14.) In opposing the motion to dismiss, Blazer further contends that the Court has supplemental jurisdiction over his counterclaims, pursuant to 28 U.S.C. § 1367(a). (ECF No. 23 at 3–4.) Hansen Reynolds argues that the Court lacks diversity jurisdiction because the amount-in-controversy "has not yet been finally determined" and thus cannot satisfy the $75,000 requirement under § 1332(a). (*See* ECF No. 20 at 14; ECF No. 24 at 2–4.) The law firm is silent on the Court's jurisdiction under § 1367(a). Hansen Reynolds' motion to dismiss will be denied for two reasons. First, as Blazer contends, his counterclaims are compulsory under Rule 13(a) and, as such, are within the Court's supplemental jurisdiction under § 1367(a). All of Blazer's counterclaims arise out of Hansen Reynolds' legal representation pursuant to the

Engagement Agreement that Hansen Reynolds claims Blazer breached.  In other words, Blazers claims "form part of the same case or controversy" alleged in Hansen Reynolds' complaint.  *See* § 1367(a); *see also* Fed. R. Civ. P. 13(a)(1)(A) (a counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim").  Accordingly, Blazer's counterclaims do not require an independent basis of federal jurisdiction.  *See Oak Park Tr. & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000).  Second, even if Blazer had waived any argument for supplemental jurisdiction by failing to plead it, the Court would also have diversity jurisdiction over the counterclaims.  Hansen Reynolds is incorrect that damages must be "finally determined" to satisfy the amount-in-controversy requirement.  "Whether damages will exceed $75,000 is not a fact but a prediction," and a factual challenge to jurisdiction does not require the proponent of federal jurisdiction to provide proof at the pleading stage of the precise amount he will ultimately recover.  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41 (7th Cir. 2006).  Rather, a party's good faith estimate of a claim's value must be accepted unless it "appear[s] to a legal certainty" that the claim cannot satisfy the jurisdictional amount.  *Id.* at 541 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

As for standing, Hansen Reynolds also argues that Blazer lacks standing to bring his counterclaims because he has not suffered an injury-in-fact.  (ECF No. 20 at 13–14.)  It argues that, because all post-trial proceedings and appeals have not concluded in the Alabama lawsuit in which it previously represented Blazer, he has no standing to sue for damages relating to Hansen Reynolds' allegedly deficient representation in that matter.  (*See id.*)  But Hansen Reynolds acknowledges that a judgment has already been entered against Blazer in that lawsuit. (*Id.* at 8–9). It nevertheless argues that no injury has "yet actually occurred" because appeals in that case have not been exhausted.  (ECF No. 24 at 10.)  This misunderstands the law of standing. Standing requires a concrete injury.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).  It does not require that the damages stemming from that injury be of a sum certain when the claims are asserted.

Hansen Reynolds also faults Blazer for his citation to a Wisconsin case, *Hennekens v. Hoerl*, 465 N.W.2d 812 (Wis. 1991), examining when a malpractice claim arises under Wisconsin law, arguing that Hansen Reynolds' motion raises only issue of federal law.  (ECF No. 24 at 9 (citing ECF No. 23 at 5–6).)  But, in determining if a plaintiff has Article III standing to assert a state-law claim, it is appropriate to look to state law to determine when his legal right has been

invaded.  *See Scanlan v. Eisenberg*, 669 F.3d 838, 842 (7th Cir. 2012).  *Hennekens* confirms that, under Wisconsin law, a malpractice claim accrues when a party's legal rights and interests are damaged, regardless of whether a subsequent monetary loss has yet materialized.  *See* 465 N.W.2d 812, 818.

The Court also rejects Hansen Reynolds' suggestion that Blazer that was required to plead with specificity the damages from his alleged injuries.  (*See* ECF No. 24 at 3–4.)  Federal pleading standards do not require detail about the nature of the pleading party's injury.  *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018).  Blazer has alleged that Hansen Reynolds breached the duties it owed him as his attorney and that he was injured by those breaches.  That is all that Article III requires.  And while Hansen Reynolds challenges Blazer's standing as a factual matter, it does not contest any of the facts establishing his injuries, only his damages.  Accordingly, Hansen Reynolds' motion to dismiss is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Brian Blazer's Motion to Strike, ECF No. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that Hansen Reynolds' Motion to Dismiss Counterclaims, ECF No. 19, is **DENIED**.

Dated at Milwaukee, Wisconsin on March 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge