# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | | |
|---|---|---|
| HANSEN REYNOLDS LLC, | ) | |
| | ) | |
| *Plaintiff/Counter-Defendant*, | ) | |
| | ) | |
| v. | ) | Case No.: 2:24-cv-00844-BHL |
| | ) | |
| BRIAN R. BLAZER, | ) | Hon. Brett H. Ludwig |
| | ) | |
| *Defendant/Counter-Plaintiff*. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

## <u>COUNTER-PLAINTIFF BRIAN R. BLAZER'S AMENDED EXPERT DISCLOSURE</u>

COMES NOW, Brian R. Blazer ("Counter-Plaintiff"), and pursuant to Federal Rule of Civil Procedure 26(a)(2), hereby amends and supplements his Expert Disclosure filed January 15, 2026 (ECF No. 42) to provide the preliminary expert report of Dean R. Dietrich and additional information as follows:

Counter-Plaintiff previously disclosed Dean R. Dietrich as his expert witness on legal malpractice and professional responsibility matters on January 15, 2026. Counter-Plaintiff now provides Mr. Dietrich's preliminary expert report and additional information required by Fed. R. Civ. P. 26(a)(2)(B):

**Expert Witness:**

Dean R. Dietrich
Weld Riley, S.C.
500 Third Street, Suite 800
P.O. Box 479
Wausau, WI 54402-0479
Telephone: (715) 845-8234
Email: ddietrich@weldriley.com

**Expert Report:**

Mr. Dietrich's preliminary expert report (which includes Mr. Dietrich's Curriculum Vitae and a list of cases in which he has served as an expert witness) dated March 11, 2026 is attached as **Exhibit A**. As stated in the report, this is a preliminary opinion based on court documents and proceedings to date. Significant discovery has recently been transmitted between the parties and requires lengthy review. Depositions of the principals in the litigation have not been conducted. Therefore, the opinions expressed in the preliminary report may be subject to refinement and further review as additional discovery documents and depositions become available. Mr. Dietrich reserves the right to supplement this report upon further review of discovery documents and deposition testimony.

**Expert Report:**

Mr. Dietrich's preliminary expert report dated March 11, 2026 is attached as **Exhibit A**, which includes his curriculum vitae and a list of cases in which he has provided expert testimony within the last four years. This preliminary report is based on court documents and proceedings to date. As stated in the report,

2

depositions of key witnesses have not been conducted, and significant discovery recently transmitted between the parties requires further review. Mr. Dietrich's opinions may be refined and supplemented as additional discovery and deposition testimony become available.

**Subject Matter and Opinions:**

Mr. Dietrich will provide expert testimony regarding the applicable standard of care for attorneys representing clients in patent infringement litigation under the Wisconsin Rules of Professional Conduct, whether Hansen Reynolds' conduct during its representation of Counter-Plaintiff in the Alabama Lawsuit and Wisconsin Lawsuit fell below the applicable standard of care, and the causal connection between any such breaches and the adverse outcomes suffered by Counter-Plaintiff. The specific opinions and their bases are set forth in detail in Exhibit A.

**Compensation:**

Mr. Dietrich is being compensated at his standard hourly rate of $275.00 per hour for time spent reviewing materials, preparing his report, and providing testimony. His compensation is not contingent upon the outcome of this case or the content of his opinions.

**Supplementation:**

Counter-Plaintiff reserves the right to supplement this disclosure as additional discovery is completed, depositions are conducted, and Mr. Dietrich's opinions are refined. Any supplemental disclosures will be provided in accordance with Fed. R. Civ. P. 26(e) and the Court's scheduling orders.

**Cases in Which Mr. Dietrich Has Provided Expert Testimony (Last Four Years):**

Within the last four years, Mr. Dietrich has provided expert testimony or expert opinions in the following matters:

1. **Sherman Creek Condominiums, Inc. v. Mid-Century Insurance Company; Mid-Century Insurance Company v. MGW Law, LLP; Ryan R. Graff; Crivello Carlson, S.C.**, Case No. 23-CV-375 (Expert Opinion for Freeman Mathis & Gary, LLP, Matter No. 19522.00001)

Additional cases in which Mr. Dietrich has provided expert witness testimony or opinions are listed in Exhibit A to his expert report.

**Supplementation:**

Counter-Plaintiff reserves the right to supplement this disclosure as additional discovery is completed, depositions are conducted, and Mr. Dietrich's opinions are refined based on additional information. Counter-Plaintiff will

provide any supplemental expert reports or disclosures in accordance with Fed. R.

Civ. P. 26(e) and the Court's scheduling orders.

Dated: March 11, 2026.

BAXTER LAW FIRM, LLC
270 Carpenter Dr., Suite 300
Atlanta, GA 30328
(678) 813-1900
ryan@damage.law

/s/ Ryan Baxter, Esq.
Ryan Baxter
Georgia State Bar No. 588243
(Admitted to Eastern District of Wisconsin)
*Attorney for Counter-Plaintiff Brian R. Blazer*

5

# EXHIBIT A



Please direct all communications to Attorney Dean R. Dietrich at the Wausau Office.
Email: ddietrich@weldriley.com • Phone: 715.845.8234 • Cell: 715.574.4747

_Sent Via Email and U.S. Mail_

TO:  Attorney Ryan Baxter
    Baxter Law Firm, S.C.
    Ryan@damage.law

FROM: Dean R. Dietrich
    Weld Riley, S.C.

DATE:  March 11, 2026

RE:   Opinion Regarding Conduct of Law Firm

## INTRODUCTION

You have asked for our opinion regarding the conduct of a Law Firm (Hansen Reynolds LLC") while representing a client in a patent infringement litigation matter. Allegations include failure to protect evidence to be used at trial, negligently withdrawing from representation that caused harm to the client, failing to provide competent and diligent representation of the client by failing to return necessary client file information.

This Opinion is provided based on the court documents and other proceedings to date in the litigation of Civil Action No. 24-CV-00844. Significant discovery has recently been transmitted between the parties and requires a lengthy review of the discovery documents produced by the parties. Depositions of the various principals in the litigation have not been conducted and therefore the opinions expressed in this document may be subject to refinement and further review as additional discovery documents and depositions become available. This author reserves the right to supplement this Report upon further review of discovery documents submitted by the parties.

## BACKGROUND OF AUTHOR

Attorney Dietrich has been retained by numerous lawyers and law firms, to provide expert advice and opinions regarding matters relating to ethics, professional responsibility, and lawyer conduct.

Weld Riley, S.C. A Wisconsin Limited Liability Entity

3624 Oakwood Hills Pkwy, P.O. Box 1030 • Eau Claire, WI 54702-1030 **P** 715.839.7786 • **F** 715.839.8609

500 Third Street, Suite 800, P.O. Box 479 • Wausau, WI 54402-0479 **P** 715.845.8234 • **F** 715.848.1085

weldriley.com

Case 2:24-cv-00844-BHL Filed 03/11/26 Page 7 of 17 Document 50

He has given testimony in various court proceedings and has been qualified as an expert regarding questions of professional responsibility and ethics.

Attorney Dietrich has made numerous appearances before the Wisconsin Supreme Court regarding the Wisconsin Rules of Professional Conduct, Chapter 20.  He has also spoken at numerous seminars and programs on topics relating to compliance with the Rules of Professional Conduct and professional responsibility.  Attorney Dietrich is a Past President of the State Bar of Wisconsin.

Attached is background information regarding my qualifications to provide an expert opinion regarding compliance with the Wisconsin Rules of Professional Conduct and the fiduciary duties owed to a client.  This information is provided for general consideration in the presentation of this opinion as may be necessary. *Exhibit A* to this Report is a summary of my experience and background in ethics and professional responsibility.  *Exhibit B* is a copy of my current resume.

<u>SUMMARY OF BACKGROUND INFORMATION</u>

This matter involves litigation proceedings in Federal Court in Alabama and in Wisconsin.  The current litigation between Hansen Reynolds LLC (hereinafter the "Law Firm") and Brian R. Blazer (hereinafter "Client") stems from an action by the Law Firm to recover legal fees allegedly owed by the Client for legal services provided by the Law Firm in the Alabama litigation and the Wisconsin litigation.

While the initial pleadings address the monies allegedly owed under the Engagement Agreement between the Law Firm and the Client, the focus of the litigation at this stage centers around the counterclaims filed by the Client of legal malpractice, negligence, willful or reckless conduct, breach of contract, and breach of fiduciary duty.  These claims focus on the alleged negligent conduct of the Law Firm while providing legal services to the Client in the Alabama litigation that also affected the outcomes in the Wisconsin litigation.

Client alleges that the Law Firm engaged in legal malpractice, negligence and violation of the fiduciary duties that the Law Firm owed to the Client by engaging in certain failures and certain conduct that failed to meet appropriate standards of ethical duty and fiduciary duty by a law firm providing legal representation to a client in litigation matters, including:

- Failing to name expert witnesses on behalf of the Client in the litigation that was necessary to provide a proper defense to claims of patent infringement and to support claims of patent infringement by the opposing party in the litigation;

- Withdrawing from representation of the client within three – four weeks prior to the scheduled date for exchange of witnesses and exhibits resulting in the inability of the client

2

to retain new counsel to defend the litigation in the specialized field of patent infringement thereby resulting in the Client being deprived of reasonable trial preparation for a complicated patent infringement matter;

- Mishandling of client evidence by failing to maintain proper protections for the physical evidence provided by Client to support the defense of the patent infringement claims and to pursue patent infringement claims against the opposing party by sending original equipment and evidence to opposing counsel and not taking proper steps to preserve the integrity of the evidence and assuring the existence of the evidence for use at trial;

- Refusing to provide a full and complete set of the client files at the time that the Law Firm withdrew from representation of the Client thereby resulting in the Client not having the full record and attorney work product for use in subsequent legal proceedings by new counsel and inhibiting the ability to provide a full and complete defense of the matter in dispute.

Law Firm disputes these claims of malpractice, negligence, and breach of fiduciary duties.


## DISCUSSION

In every lawyer representation, the lawyer and law firm owe various duties to the client. Many of these duties are summarized or exemplified in the Wisconsin Rules of Professional Conduct. While the Wisconsin Rules of Professional Conduct are not the final word on matters of breach of fiduciary duties owed by a law firm, they provide direction and guidance determining whether a lawyer or law firm has engaged in negligent conduct that constitutes a breach of the duties owed to the client and legal malpractice in the performance of representation of the client. Parties may look to the Rules of Professional Conduct and the principles of the Law Governing Lawyers as support for conclusions of whether the lawyer or law firm committed negligence and/or legal malpractice in the representation of the client.

There are numerous allegations of negligence and legal malpractice that are alleged by the Client to support the counterclaims made by the Client against the Law Firm and to support the claim for damages in this litigation. Each of these instances of claimed malpractice and breach of duty will be addressed separately.

Failure to Provide Proper Safeguards for Client Property to be Used as Evidence

There really is no dispute that a law firm owed a duty to a client to provide proper safeguards for property and evidence given to the law firm for purposes of the representation by the law firm. SCR 20:1.16 of the Wisconsin Rules of Professional Conduct require the law firm to provide proper safeguards and protections for the property and evidence provided by the client as part of the

3

representation. This includes the obligation to preserve the property provided by the Client to address claims in the litigation.

The Duty of Competence in SCR 20:1.1 requires the law firm to provide competent representation for a client which would include the protection of property and evidence that would be used in the representation of the client. The action by the Law Firm when tendering the property and evidence provided by the Client to be used to defend against the patent infringement claim and to pursue the patent infringement claim against the opposing party is a significant breach of the professional duties and responsibilities of the Law Firm. It is alleged that the property to be used as evidence in the representation of the Client was turned over to the opposing party assumedly through counsel for the opposing party in the Alabama litigation and not all the property was returned to the Law Firm and thereby lost for use in the prosecution of the claims of the Client. The Law Firm owed a duty of competence to the Client to properly maintain the integrity of the property in question and preserve the integrity of that property for use at trial. The failure to preserve the property impacted on the ability of the client to properly defend against the infringement claims and pursue his infringement claims against the opposing party. In matters involving patents and patent infringement, the property that is the basis for such claims is obviously a critical element needed for the proof of allegations whether in the pursuit of an infringement claim or defending against an infringement claim. The Law Firm breached its fiduciary duties to the Client when it failed to take proper precautions and protections of the Client property that was a critical and central element of the litigation.

Failure to Name Expert Witnesses for the Client

Law Firm was directed, on numerous occasions, by the Client to retain expert witnesses to support the claims made by the Client both in defense of the patent infringement claim and to pursue similar claims against the opposing party. The Law Firm did not obtain expert witnesses and did not comply with the court order for the naming of expert witnesses in the Alabama litigation. After it was discovered that the opposing party was naming expert witnesses in support of its claims, the Law Firm sought and obtained an extension of time from the Court to allow for the naming of expert witnesses on behalf of their Client. Even after obtaining an extension of time, the Law Firm failed to obtain expert witnesses to support the position of the Client at trial.

The Law Firm owed the Client the Duty of Competence and the Duty of Diligence as outlined in SCR 20:1.1 and 20:1.3 respectively. The failure to pursue expert witnesses to support the arguments and position of the Client placed the Client at a distinct disadvantage at trial without having expert witnesses to respond to the expert witness testimony that was to be proffered by the opposing party. The Law Firm was aware of the intention of the opposing party to provide expert testimony but did not act to obtain expert testimony that could be used to counter the expert testimony provided by the opposing party. The failure to obtain necessary evidence in the form of expert testimony especially in a patent infringement litigation matter is a serious breach

4

of the fiduciary duties owed to the Client and constitutes malpractice in the performance of the representation of the Client.

<u>Withdrawal from Representation that Caused Harm to the Client</u>

The record shows that the Law Firm withdrew from the representation of the Client approximately one month before witness and exhibit lists were due in the Alabama litigation. The Law Firm did not provide prior notice to the Client of the intention to withdraw from representation. The Law Firm owed a duty to the Client not to proceed with a withdrawal from representation if such action will result in harm to the Client. The language of SCR 20:1.16(b)(1) gives a clear direction that the withdrawal from representation may not occur if it would cause harm to the Client. Withdrawal from representation 30 days prior to the date when witness lists and exhibit lists are due in a significant patent infringement litigation matter would certainly present significant harm to the Client at the time of preparation for trial. The decision to withdraw from representation without consulting with the client and while creating a negative impact from such withdrawal is a violation of the fiduciary duties owed to the Client. By proceeding with the withdrawal of representation at a time when counsel should be completing the final preparation for trial, such conduct causes significant harm to the success of the representation being sought by the Client. This is particularly true in complex litigation as was the case in the Alabama litigation. The Law Firm breached its fiduciary duty of competent representation to the Client when withdrawing from representation just prior to trial.

<u>Failing to Provide the Entire Client File to New Counsel</u>

The Law Firm has an obligation to provide the entire client file to the Client at the time of withdrawing from representation of the Client. See SCR 20:1.16(d) and Wisconsin Formal Ethics Opinions EF-16-03 and EF-17-01. The Law Firm failed to produce the entire client file when requested by the Client and attempted to hold the client file "hostage" until the Client paid the outstanding fees for legal services rendered. This action is contrary to the requirements of SCR 20:1.16 which requires the Law Firm to preserve all materials in the client file and surrender the materials to the Client without conditions. There is no "client file lien" allowed under Wisconsin Rules of Professional Conduct which would allow an attorney to retain a client file until legal fees are paid. The Committee on Professional Ethics of the State Bar of Wisconsin has issued an Opinion clarifying that there is no file lien allowed under the Wisconsin Rules. Any action by the Law Firm to fail to disclose the entire content of the client file violates the Law Firm's fiduciary duty and obligations to preserve the property of the Client and to provide a copy of all contents of the client file if requested by the Client.

CONCLUSION

5

It is our opinion, to a reasonable degree of certainty under the Wisconsin Rules of Professional Conduct and the Law Governing Lawyers, that the Law Firm breached its duties to the Client in the following manners:

- Failing to name expert witnesses on behalf of the Client in the litigation that was necessary to provide a proper defense to claims of patent infringement and to support claims of patent infringement by the opposing party in the litigation;

- Withdrawing from representation of the client within three – four weeks prior to the submittal of necessary information for trial and several weeks before the scheduled trial resulting in the inability of the Client to have counsel needed for trial and requiring the Client to retain new counsel to defend the litigation in the specialized field of patent infringement thereby resulting in the Client being deprived of reasonable trial preparation and representation for a complicated patent infringement matter;

- Mishandling of client evidence by failing to maintain proper protections for the physical evidence provided by Client to support the defense of the patent infringement claims and to pursue patent infringement claims against the opposing party by sending original equipment and evidence to opposing counsel and not taking proper steps to preserve the integrity of the evidence and assuring the availability of the evidence for use at trial;

- Refusing to provide a full and complete set of client files at the time that the Law Firm withdrew from representation of the Client thereby resulting in the Client not having the full record and attorney work product for use in subsequent legal proceedings by new counsel and inhibiting the ability to provide a full and complete defense of the matter in dispute.

Respectfully submitted this 11th day of March, 2026.

Weld Riley, S.C.

Dean R. Dietrich
State Bar No. 1018020

Attachments

6

**<u>DRD Weld Riley BIO – PROFESSIONAL RESPONSIBILITY</u>**

## Dean R. Dietrich

Dean R. Dietrich, a shareholder with Weld Riley, S.C., has represented clients in the areas of lawyer ethics and professional responsibility for more than 49 years.  He has represented attorneys in matters before the Wisconsin Supreme Court and the Office of Lawyer Regulation and consults with law firms and lawyers regarding compliance with the Rules of Professional Conduct.  Dean serves as Chair of the State Bar Committee on Professional Ethics in addition to past service on the Committee appointed by the Wisconsin Supreme Court to review changes to Chapter 20, the Rules of Professional Conduct for Attorneys.  Dean is a member of the ABA's Center for Professional Responsibility and the Association of Professional Responsibility Lawyers.  He is a graduate of Marquette University Law School and is a former President of the State Bar of Wisconsin.



# WELD RILEY sc

## ATTORNEY DEAN R. DIETRICH

Dean Dietrich is a shareholder and a member of the firm's labor and employment section. His practice includes school law, municipal law, labor relations, employment law, and professional responsibility matters. Dean has over four decades of experience practicing law and has statewide recognition.

In his practice, Dean has vast experience representing public and private sector employers in the various aspects of employment law and labor relations. Dean also has years of experience representing employers in collective bargaining and proceedings before state and federal administrative agencies. Dean represents school districts and local government units in all aspects of municipal law and compliance with state statutes.

Dean has also been a leader for more than 30 years in professional responsibility and ethics matters. Dean serves on the State Bar of Wisconsin's Committee on Professional Ethics (he currently serves Chair) and is a member of the Association of Professional Responsibility Lawyers. He has represented attorneys from throughout Wisconsin in proceedings before the Supreme Court of Wisconsin and the Office of Lawyer Regulation. He is called upon by other attorneys and law firms to provide expert opinions on professional responsibility matters as well. In addition, he has a monthly article in the Wisconsin Lawyer magazine.

Volunteer work also has important meaning for Dean from both a personal and professional perspective. In recognition of his volunteer work both locally and statewide, he was recently awarded with the Charles L. Goldberg Distinguished Service Award. This is the highest award given by the Wisconsin State Bar and was done in recognition, and as a thank you, for Dean's lifetime of service to the legal profession and community.

Dean earned his bachelor's and Juris Doctorate degrees from Marquette University.

### Specialties

- School Law
- Municipal Law
- Labor & Employment Law
- Professional Responsibility Law

### Education

- Marquette University (BS and JD)

### Awards & Associations

- Charles L. Goldberg Distinguished Service Award
- State Bar of Wisconsin's Committee on Professional Ethics Vice Chair
- Member of the Association of Professional Responsibility Lawyers

**Weld Riley, S.C.    500 N. Third Street, Suite 800    P.O. Box 479    Wausau, WI  54402-0479
(715) 845-8234 office    (715) 848-1085    ddietrich@weldriley.com**

**CASES WHICH ATTORNEY DIETRICH**
**HAS GIVEN EXPERT WITNESS OPINION**

| | Client Name/Matter Number | Matter Type | Case |
|---|---|---|---|
| A | **Todd A. Smith, Esq.** <br> 40801-1 | Expert Opinion | Hay & Rice, Inc. (Grievance of William Rice) |
| B | **Nelson, Connell, Conrad, Tallmadge** <br> 40833-1 | Expert Witness | James Cape & Sons Company v. PCC Construction Company, et al. <br> Racine County Circuit Court <br> Case No. 06-CV-1652 |
| C | **Herrick & Hart S.C.** <br> 40853-1 | Expert Opinion | Dawn Sands v. Menard, Inc. |
| D | **Patrick Haley and Anna Carter-Haley** <br> 41061-1 | Expert Witness | Patrick and Anna Haley in the Matter of Patrick Haley and Anna Haley v. Cynthia Pederson, et al. <br> Case No. 08-CV-2480 |
| E | **Catherine M. Schurman** <br> 41075-1 | Expert Witness | Joan M. Steinhoff v. Catherine M. Schurman <br> Case No. 07-CV-1091 |
| F | **Whyte, Hirschboeck, Dudek, S.C.** <br> 41108-1 | Expert Witness | Ziolkowski and Ziolkowski v. Welytok et. al. <br> Case No. 07-CV-3588 |
| G | **The Techmeier Law Firm, S.C.** <br> 41440-1 | Expert Witness | Estate of Richard Jankoski v. Marc Jay Bern, et al. <br> Case No. 08-CV-3649 |
| H | **Gass Weber Mullins LLC** <br> 41615-1 | Expert Witness | Anchorbank, fsb, Plaintiff v. Everwood Development Corporation, Wendy L. Stachowitz, Macharley Development, Inc., Defendants <br> Case No. 06-CV-440 |
| I | **Lawrence, Tyler & Calvey, S.C.** <br> 40789-1 | Expert Witness | In re the Marriage of: Mary Nell Fried, Petitioner and William James Fried, Respondent <br> Case No. 07-FA-201 |
| J | **Kersten & McKinnon, S.C.** <br> 42037-1 | Expert Witness | Robert J. Puls, et al. v. Travelers, et al. <br> Case No. 06-CV-008620 |

1

|  | Client Name/Matter Number | Matter Type | Case |
|---|---|---|---|
| K | **Gingras, Cates & Luebke, S.C.** 42168-1 | Expert Opinion on Microsoft Litigation | |
| L | **Krueger & Hernandez S.C.** 42411-1 | Expert Witness | Gerard v. Hostak, Henzel & Bickler SC, et al. Case No. 10-CV-2226 |
| M | **Sager & Colwin Law Offices, S.C.** 40715-2 | Expert Opinion | |
| N | **Herrick & Hart S.C.** 40853-3 | Expert Opinion | |
| O | **Chestnut Cambronne** 43279-1 | Expert Opinion | Kraft v. Steinhafel |
| P | **Niebler, Pyzyk, Roth & Carrig LLP** 44060-1 | Expert Witness | National Graphics, Inc. v. Timothy P. Goggins Case No. 09-CV-000386 and Case No. 09-AP-002586 |
| Q | **Gass Weber Mullins LLC** 45140-2 | Expert Opinion | Ullico Casualty v. Matthiesen, |
| R | **Wayne Business Law, LLC** | Expert Opinion | Redex Media LLC; Alexander Guizetti v. Sam Wayne; That Dog, LLC; Wayne Business Law, LLC Case No.  CV2017-003279 |
| S | **Law Firm of Conway, Olejniczak & Jerry S.C.** | Expert Opinion | Mary Lynn Panek v. Alan Arthur Panek Case No. 20 FA 845 |
| T | **Freeman Mathis & Gary, LLP** 19522.00001 | Expert Opinion | Sherman Creek Condominiums, Inc. v. Mid-Century Insurance Company

Mid-Century Insurance Company v. MGW Law, LLP; Ryan R. Graff; Crivello Carlson, S.C. Case No. 23-CV-375 |

2

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have electronically filed and served the foregoing

**COUNTER-PLAINTIFF'S AMENDED EXPERT DISCLOSURE**

via the Court's electronic CM/ECF filing system which will automatically serve a

copy upon counsel of record as follows:

Thomas S. Reynolds II, Esq.
treynolds@hansenreynolds.com
Jeremy Adelson, Esq.
jadelson@hansenreynolds.com
Hansen Reynolds LLC
301 North Broadway, Suite 400
Milwaukee, WI 53202
Joseph J. Jacobi, Esq.
jjacobi@hansenreynolds.com
Hansen Reynolds LLC
150 South Wacker Drive, 24th Floor
Chicago, IL 60606
John L. Pollock, Esq.
pollock@litchfieldcavo.com
Litchfield Cavo LLP
250 East Wisconsin Ave., Suite 800
Milwaukee, WI 53202

This March 11, 2026.

BAXTER LAW FIRM, LLC
270 Carpenter Dr., Suite 300
Atlanta, GA 30328
(678) 813-1900
ryan@damage.law
/s/ Ryan Baxter, Esq.
Ryan Baxter
Georgia State Bar No. 588243
*Attorney for Defendant/Counter-Plaintiff Brian R. Blazer*

6