UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HANSEN REYNOLDS LLC,

Plaintiff,

v. Case No. 24-cv-0844-bhl

BRIAN R BLAZER,

Defendant.

---

**ORDER DENYING HANSEN REYNOLDS'S MOTION TO STRIKE AND DENYING BLAZER'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

---

This case, concerning the collection of attorneys' fees, has been pending since July 8, 2024. (ECF No. 1.) The parties recently exchanged expert disclosures and Plaintiff Hansen Reynolds asks the Court to strike Defendant Blazer's Second Amended Expert Disclosure. (ECF Nos. 64 & 65.) In response, Blazer argues that the motion to strike should be denied because it conflates an introductory statement drafted by counsel with the expert witness's actual opinions and that any objections to the opinions should be addressed through a motion in limine or *Daubert* hearing. (ECF No. 66.) The Court agrees with Blazer that even if the expert reports and opinions are deficient and inadmissible, a motion to strike is premature. Without passing any judgment on the merits of the expert report, the Court will deny Hansen Reynolds's motion without prejudice. If Hansen Reynolds wants to renew its motion to exclude the expert reports later, perhaps if Blazer introduces them to support or oppose a motion for summary judgment, it may do so.[1]

## BACKGROUND

This case arises from Hansen Reynolds's agreement to represent Blazer in patent infringement lawsuits in the Northern District of Alabama and the Eastern District of Wisconsin. (ECF No. 65 at 2–3.) The law firm alleges that Blazer has failed to pay for legal services that were provided to him. (ECF No. 1.) Blazer has asserted several counterclaims in response to the complaint, alleging that Hansen Reynolds's negligence in the Alabama lawsuit caused him to lose

[1] Blazer also seeks leave to file a sur-reply. (ECF No. 68.) The Court will deny Blazer's motion as unnecessary.

the case, that Hansen Reynolds's conduct constituted a breach of contract, and that the firm's behavior otherwise violated ethical rules and its fiduciary duty to him. (ECF No. 12 ¶¶69–89.)

To support his counterclaims, Blazer has retained Dean Dietrich as an expert witness to opine on the standard of care for attorneys representing clients in patent infringement litigation and on whether Hansen Reynolds's performance was deficient or violated ethical rules. (ECF No. 65-1 at 4–5.) On May 8, 2026, Blazer disclosed Dietrich's second amended expert disclosure, which included a nine-page introductory statement drafted by Blazer's attorney, Ryan Baxter, along with Dietrich's initial report, dated March 11, 2026, and a supplemental addendum, dated May 7, 2026. (*Id.* at 2–21.)

**ANALYSIS**

Hansen Reynolds seeks to strike Blazer's Second Amended Expert Disclosure. (ECF No. 65 at 1–2.) It argues that the second amended disclosure should be stricken because the disclosure does not contain Dietrich's final opinions, indicates that Dietrich will later opine on subjects about which he has not yet provided any opinions, and that the report itself is inadmissible because it does not comply with Federal Rule of Civil Procedure 26(a)(2)(B). (*Id.* at 2.) Blazer opposes the motion, arguing that the report complies with the relevant rules of civil procedure and evidence and that Hansen Reynolds's use of a motion to strike is inappropriate. (ECF No. 66.) The Court will deny Hansen Reynolds's motion without prejudice.

Federal Rule of Civil Procedure 26(a)(2)(B) requires that witnesses who are retained to provide expert testimony prepare reports that include a complete statement of all opinions the witness will express and the basis and reasons for them, as well as the facts or data considered in forming them. Rule 37 provides that if a party fails to comply with these requirements, the party may not use the expert witness to provide evidence on a motion, at a hearing, or at trial. Fed. R. Civ. P. 37(c)(1); *Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010) (citing *Gicla v. United States*, 572 F.3d 407, 410 (7th Cir. 2009)); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008). While the Seventh Circuit has held that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless," it has recognized that the determination of whether the violation was justified or harmless is within the district court's broad discretion. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The Seventh Circuit has set forth several factors to guide district courts, including "(1) the prejudice or surprise to the party against whom

the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Motions to strike or exclude expert reports are usually decided in connection with a motion for summary judgment or some context in which the proponent of the expert report seeks to use it. *See e.g. Meyers*, 619 F.3d at 731–32 (providing that the defendant filed its motion to strike expert reports concurrently with its motion for summary judgment, and the district court considered the defendant's motion to strike because the plaintiff relied on the reports in opposing the defendant's motion for summary judgment); *Ciomber*, 527 F.3d at 639 (noting that the defendant's motion to exclude the plaintiff's expert report was filed with the defendant's motion for summary judgment). While courts may exclude expert disclosures for violating Rule 26(a)(2)(B) before the proponent has tried to use them, this result usually arises where the disclosures are untimely. *See Salgado v. General Motors Corp.*, No. 93 C 1427, 1996 WL 535333, at *6 (N.D. Ill. Sep. 19, 1996) (excluding plaintiff's expert before summary judgment motions because expert disclosures were late and deficient), *aff'd*, 150 F.3d 735 (7th Cir. 1998).

Blazer has not attempted to introduce the expert reports in any way yet, and the disclosure was filed before the amended deadline to do so. Because it is unclear, at this point, how Hansen Reynolds would be prejudiced by the disclosures or whether any violation of Rule 26(a) is justified or harmless, the Court will deny this motion without prejudice as premature. *See David*, 324 F.3d at 857. As stated above, Hansen Reynolds may renew this motion at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that Hansen Reynolds's motion to strike, ECF No. 64, is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Blazer's motion for leave to file a sur-reply, ECF No. 68, is **DENIED**.

Dated at Milwaukee, Wisconsin on August 10, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge